UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mary Thomas, individually and on behalf of all others similarly situated;<br><br>                              Plaintiff,<br><br><br>       -v.-<br>P&B Capital Group, LLC,<br>Crown Asset Management, LLC,<br>John Does 1-25<br><br>                              Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mary Thomas (hereinafter, "Plaintiff" or "Thomas"), brings this Class Action Complaint by and through her attorneys, RC Law Group, PLLC, against Defendant P & B Capital Group, LLC (hereinafter "P & B") and Defendant Crown Asset Management, LLC (hereinafter "Crown Asset"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## **PARTIES**

5. Plaintiff is a resident of the State of South Carolina, County of Greenville, residing at 30 Market Point Drive, Apt. 5107, Greenville, SC, 29607.

6. Defendant P & B Capital Group, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 455 Center Road, West Seneca, NY, 14224.

7. Upon information and belief, Defendant P & B is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

8. Defendant Crown Asset Management, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o CT Corporation System, 111 8th Avenue, New York, NY, 10011.

9. Upon information and belief, Defendant Crown Asset is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals;

  b. who were sent an "offer to settle letter," from Defendant P & B on behalf of Defendant Crown Asset;

  c. whose letter gives a deadline to pay the balance in full, with a threat that the offer would be revoked;

  d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692g.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

- e. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

- f. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692g.

- g. **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

- h. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      i. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to February 2, 2017, an obligation was allegedly incurred to Synchrony Bank.

22. The Synchrony Bank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a personal credit card.

23. The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Due to her financial constraints, Plaintiff could not pay the alleged debt, and it went into default.

25. Sometime thereafter, the debt was acquired by Defendant Crown Asset.

26. Defendant Crown Asset is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

27. Defendant Crown Asset, a subsequent owner of the Synchrony Bank debt, contracted the Defendant P & B to collect the alleged debt.

28. Defendant P & B collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. Defendant P & B is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

### *Violation I – February 2, 2017 Collection Letter*

30. On or around February 2, 2017 the Plaintiff received a collection letter from Defendant.

31. Defendant's letter was an attempt to collect the debt listed as "Current Balance: $944.56".

32. Immediately under the current balance, Defendant's letter boldly states: "**SETTLEMENT AMOUNT…: $944.56**"

33. The letter continues, "The balance of your account is as listed above. Our client has authorized us to release you from all responsibilities in regard to this debt for **$944.56.**"

34. This statement is deceiving and misleading on its face as Defendant's offered "Settlement Amount" is not a reduced offer of settlement, but merely payment in full.

35. Furthermore, the letter concludes, "the payment must be made in our office **on or before February 9, 2017** as this offer will no longer be recognized by our office after said date."

36. Defendant's letter contains an expiring offer, whereby the consumer only has seven-days to accept.

37. This is merely a deceptive tactic to coerce a rushed payment from Defendant.

38. Such language is especially egregious in this specific instance, as the stated "Settlement Amount" is not a reduced offer of settlement at all.

39. Furthermore, Defendant's expiring offer is deceiving and misleading on its face as the Plaintiff is entitled to always make a payment in full, even beyond the stated seven day "offer".

40. As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendants made deceptive and misleading representations when they communicated to Plaintiff and failed to clearly state the identity of the current creditor to whom the debt is owed, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mary Thomas, individually and on behalf of all others similarly situated, demands judgment from Defendant P& B Capital Group, LLC, and Defendant Crown Asset Management, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  Hackensack, New Jersey
        January 31, 2018

                                            By:   */s/ Daniel Kohn*
                                                  Daniel Kohn

                                            **RC Law Group, PLLC**
                                            285 Passaic Street
                                            Hackensack, NJ 07601
                                            Phone: (201) 282-6500
                                            Fax: (201) 282-6501